**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff

| | |
|---|---|
| A.S., <br><br> Plaintiff(s), <br><br> v. <br><br> BOROUGH OF PENNS GROVE, <br> PENNS GROVE POLICE DEPARTMENT, <br> CHIEF PATRICK RILEY, SR., <br> John Doe Penns Grove Employees 1-10, <br> John Doe Penns Grove Police Officers 1-10, <br> Jointly, Severally and/or in the Alternative <br><br> Defendant(s), | UNITED STATES DISTRICT COURT <br> FOR THE DISTRICT OF NEW JERSEY <br><br> *Civil Action No:* <br><br><br> **COMPLAINT** |

Plaintiff A.S. currently residing in the City of Penns Grove, State of New Jersey by way of Complaint against the Defendants says:

### Introduction

This is a civil rights action as well as common-law claims brought by the Plaintiff. Plaintiff A. S.'s identity is being withheld for the safety of the Plaintiff to seek relief for the Defendants' violations of the Plaintiff's rights secured by the Civil Rights Act, 42 U.S.C. §1983 and the rights secured by the 1st, 4th, 5th and 14th amendments to the United States Constitution and the rights secured under the Constitution of the State of New Jersey counterparts, Article 1, §1, 6 and 7 among others, and the common laws of the State of New Jersey. Plaintiff seeks compensatory and punitive damages, injunctive and declaratory relief and such other relief as this Court deems just and equitable.

## Jurisdiction

1. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 1343 (3) and (4) as this action seeks redress for the violation of Plaintiff's Constitutional and civil rights.

2. Plaintiff further invokes that this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 (a), over any and all State Constitutional and State common-law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## Venue

1. Venue is proper in the United States District Court for the District of New Jersey Camden vicinage pursuant to 28 U.S.C. §1391 (b) and (c) because at least the Plaintiff and one of the Defendants resides in the District of New Jersey and within the Camden Vicinage and all actions complained of herein took place within the Borough of Penns Grove which is in the Camden Vicinage.

## First Count

1. At all times mentioned herein Plaintiff A.S.'s identity is withheld for public safety reasons. Plaintiff is and was a citizen of the Defendant Borough of Penns Grove (hereinafter referred to as "Penns Grove").

2. Plaintiff, as a citizen of the Defendant Penns Grove, had been contacted by the Defendant Borough of Penns Grove Chief of Police, Defendant Chief Patrick J Riley, Sr. concerning any information she may be able to provide to the Defendant Borough of Penns Grove's Police Department in relation to a pending criminal investigation.

3. Defendant Chief Patrick J Riley, Sr. at all times mentioned herein was the Chief of Police of Defendant Borough of Penns Grove and initiated contact with the Plaintiff in an attempt

to gain the Plaintiff's cooperation and assistance in the nature of a confidential informant in relation to a police investigation.

4. On or about June 24, 2020, the Chief of Police of Penns Grove Police Department, Chief Patrick J Riley, Sr., in violation of Penns Grove Police Department rules and regulations, Attorney General guidelines and policies and procedures, negligently, carelessly, intentionally and/or recklessly, and with deliberate indifference, left a voicemail message on a telephone answering service he believed to be that of the Plaintiff who he had solicited previously to attempt to gain information and cooperation from the Plaintiff concerning pending criminal investigations the Defendant Borough of Penns Grove and its Police Department were engaging in at the time. In reality the message left by Defendant Chief Riley was on the voicemail of an individual associated with gang members and/or other individuals involved in criminal enterprises and was published to others in the community associated with gang activity or other criminal enterprises.

5. The message left by the Chief of Police concerning the specific details of a confidential investigation, and Defendant Riley's misrepresentations that Plaintiff was somehow cooperating with Police as an informant or otherwise negligently, recklessly and/or intentionally and/or with deliberate indifference, placed the Plaintiff in a false light with the public and the Defendant Penns Grove community and exposed the Plaintiff to an increased risk of harm and extreme danger including death threats, in addition to severely compromising her privacy guaranteed to her by Defendant Penns Grove's Police Department and/or Defendant Riley by falsely representing her as a confidential informant or otherwise cooperating with the Defendant Penns Grove Police Department in criminal investigations as a witness which has effectively exposed her identity, severely compromising her safety in the local community and forcing her to a have to relocate from the area as a result of the increased risk of harm to her caused by the Chief of Police's actions.

6. The Defendant Riley's actions in reaching out to the Plaintiff in an attempt to gain cooperation and information concerning pending criminal investigations within the Defendant Borough of Penns Grove created a de facto special relationship between Defendant Riley, Penns Grove, and the Plaintiff had an implied and/or express agreement between the Plaintiff and the Defendant Riley and the Defendant Borough of Penns Grove that her identity would remain confidential in the event she decided to a provide any such information requested.

7. It is further alleged that it was the actions of Defendant Chief of Police Riley in negligently, intentionally and/or deliberately disclosing the Plaintiff's identity creating the impression that she was cooperating with Defendant Penn's Grove Police on a voicemail message that caused the Plaintiff increased risk of harm and exposed the Plaintiff to an increased risk of danger from the criminal community within the Defendant Penns Borough in falsely portraying the Plaintiff as a confidential informant and/or otherwise providing information to the Defendant Borough of Penns Grove Police Department of criminal investigations.

8. The actions of the Chief of Police violated the Plaintiff's New Jersey Constitutional rights to privacy, association and to life, liberty, and the pursuit of happiness as well as violations of substantive due process and constitute a State created danger. The actions of the Chief of Police constituted a breach of implied contract, negligent and intentional and/or reckless infliction of emotional distress, common-law invasion of privacy including the publication of private facts and false light invasion of privacy by representing and portraying the Plaintiff in a false light with the public in addition to the negligent and reckless performance of his duties as Chief of Police and as an Officer. The Chief of Police is the final policy maker for the Police Department and as such Defendant Penns Grove is liable for the Chief's Constitutional violations and conduct as well as his common law tortious conduct.

9. Plaintiff alleges that the actions of the Chief of Police and Penns Grove and it's Police Department constitute a State created danger in violation of Plaintiff's Due Process Rights all in that: (1) the harm ultimately caused by leaving a message on an voicemail representing Plaintiff or portraying Plaintiff as a confidential informant thereby exposing Plaintiff to increased danger in her community was foreseeable and fairly direct; (2) the State actor, Defendant Riley acted with a degree of culpability that shocks the conscience in knowingly and deliberately violating Attorney General guidelines and Penns Grove Police policies and procedures relating to confidential informants and information, and in criminal investigation; (3) a de facto relationship between Defendants and Plaintiff existed such that Plaintiff was a foreseeable victim of Defendant's acts, or a member of a discrete class of persons subject to potential harm brought about by Defendants actions, as opposed to a member of the public in general; and (4) the State actor the Defendant affirmatively used his or her authority as the Chief of Police in a way that created danger to a citizen or that rendered a citizen more vulnerable to danger than had the State not acted at all. The message left by the Chief of Police concerning the specific details of a confidential investigation, and representing Plaintiff as cooperating in the same recklessly and/or negligently and/or intentionally or deliberately exposed the Plaintiff to an increased risk of the harm and extreme danger including death threats and irreparable damage to her reputation and standing in her community. It is further alleged that it was foreseeable by leaving a voice message disclosing specific details of a confidential undercover investigation naming Plaintiff as the informant to gang members or other criminal element that Plaintiff's life would be at risk, Plaintiff would have to relocate from the area as a result of the increased risk of harm to her caused by the Chief of Police's actions, and her safety would be severely compromised in the community.

10. The Defendant Chief Riley at all times mentioned herein, was acting under color of State law and as Chief of Police of the Defendant Borough of Penns Grove and as such the

Defendant Borough of Penns Grove is a vicariously liable for the common law actions of the Defendant Chief Riley pursuant to principles of *respondeat superior*, master/servant and principles of agency.

11. The actions of Defendant Chief Riley were deliberate, intentional, and calculated to cause the Plaintiff harm and as such, the Plaintiff is entitled to an award of punitive damages.

12. The Defendant Chief Riley is being sued in his individual capacity as well as in his official capacity.

Wherefore, Plaintiff A.S. demands judgment against the Defendants jointly, severally and in the alternative for damages, severe and extreme emotional distress and mental anguish, damage to reputation and standing in the community, loss of enjoyment and quality of life, economic damages relating to relocation, punitive damages, attorney's fees, and costs of suit and such other relief as this Court deems just and proper.

**Second Count**

1. Plaintiff repeats the allegations set forth in First Count of this Complaint as if fully set forth herein at length.

2. It is also alleged that the actions of the Defendant Chief of Police violated Plaintiff's rights under New Jersey Civil Rights Act, N.J. Stat. Ann. §10:6-1 to 2 in that Defendant Riley was acting under color of law, subjected or caused to be subjected Plaintiff to the deprivation of her substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State. The actions of the Chief of Police deprived Plaintiff of her Federal and New Jersey Constitutional rights to privacy, association and to life, liberty, and the pursuit of happiness as well as violations of substantive due process.

3. The Defendant Riley is being sued in his individual capacity and in his official capacity and was functioning as a final policy maker for the Police Department of the Defendant Borough of Penns Grove at the time of all the actions complained of herein and as such, Defendant Borough of Penns Grove is a directly liable for Defendant Riley's constitutional violations.

4. It is further alleged that Defendant Borough of Penns Grove, its agents servants and employees were negligent, reckless, and deliberately indifferent in the training, hiring, retention and supervision of Defendant Chief Riley with respect to the conduct of confidential criminal investigations and the maintenance of the confidentiality and privacy of the confidential informants and/or others used in that capacity or who were solicited in the capacity of a confidential informant consistent with the Attorney General guidelines for the State of New Jersey which proximately caused the Defendant Riley's violation of the Plaintiff's Constitutional rights alleged herein and as such the Defendant Borough of Penns Grove is directly liable for the constitutional violations committed by Defendant Riley.

Wherefore, Plaintiff A.S. demands judgment against the Defendants jointly, severally and in the alternative for damages, severe and extreme emotional distress and mental anguish, damage to reputation and standing in the community, loss of enjoyment and quality of life, economic damages relating to relocation, punitive damages, attorney's fees, and costs of suit and such other relief as this court deems just and proper.

### Third Count

1. Plaintiff repeats the allegations set forth in First and Second Counts of this Complaint as if fully set forth herein at length.

2. At the aforesaid time and place, the Defendants, John Doe Penns Grove Employees 1-10 and John Doe Penns Grove Police Officers 1-10, fictitious name(s), were an unknown person

or persons whose actions caused and/or contributed, directly or indirectly, to the incident herein and the injuries and damages suffered by the Plaintiff.

3. The Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals who may be responsible in whole or in part for the causation of the aforesaid incident. For the purpose of the within complaint, said individuals have been nominated as John Doe Penns Grove Employees 1-10 and John Doe Penns Grove Police Officers 1-10. The Plaintiff, pursuant to the Rules of Court for the State of New Jersey, reserves the right to amend the within Complaint relative to additional Defendants when, and if, the identity of said individuals becomes known.

4. As a direct and proximate result of the aforementioned carelessness and negligence of the Defendants, John Doe Penns Grove Employees 1-10 and John Doe Penns Grove Police Officers 1-10, the Plaintiff sustained severe and extreme emotional distress and mental anguish, damage to reputation and standing in the community, loss of enjoyment and quality of life, economic damages relating to relocation, and has been otherwise damaged.

Wherefore, Plaintiff A.S. demands judgment against the Defendants jointly, severally and in the alternative for damages, severe and extreme emotional distress and mental anguish, damage to reputation and standing in the community, loss of enjoyment and quality of life, economic damages relating to relocation, punitive damages, attorney's fees, and costs of suit and such other relief as this court deems just and proper.

### Jury Demand

Plaintiff hereby demands trial by a jury on all issues herein.

### Designation of Trial Counsel

David R. Castellani, Esquire, is hereby designated as trial counsel in this matter.

**Certification Under Rule 4:5-1**

I, David R. Castellani, Esquire, by certifying, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any Court of the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true and accurate to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

Castellani Law Firm, LLC

Dated: March 5, 2021      By: _____
David R. Castellani, Esquire
Attorney for Plaintiff